UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

American Corporate Tax Attorneys
and Tax Accountants, P.C., et al.

      v.                                                                                  Case No. 24-cv-363-SE
                                                                                       Opinion No. 2025 DNH 113
Edmond J. Ford, Substituted
For Victor W. Dahar[1]

**O R D E R**

After Joseph Foistner filed a voluntary bankruptcy petition, the bankruptcy trustee commenced an adversary proceeding against Foistner, his wife Laurie, and various other individuals and entities. Relevant to this case, those entities include Foistner Law Offices, P.C., American Corporate Tax Attorneys and Tax Accountants, P.C., JFL Nominee Trust, and Red River Realty Trust (collectively, the Appellants). After the Appellants failed to plead or otherwise defend in the adversary proceeding, the bankruptcy court granted the trustee's motion for default against those entities. That order granting the trustee's motion for default is the subject of this appeal. Edmond Ford, the trustee, moves to dismiss the appeal. He argues that the bankruptcy court's order is an interlocutory order that is not subject to appeal and that the Appellants failed to perfect their appeal. The court agrees and, for the reasons stated herein, grants Ford's motion to dismiss.

---

[1] The Appellants named as Appellee Victor Dahar, the original trustee in their underlying bankruptcy cases. Dahar passed away after the Appellants instituted this appeal. Edmond Ford, as successor trustee, automatically replaces Dahar as the Appellee. See Fed. R. Bankr. P. 2012(b); Fed. R. Civ. P. 25(d).

Background

Foistner filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code on May 31, 2017. See In Re: Foistner, Bk. No. 17-10796-MAF (Bankr. D.N.H. May 31, 2017). On June 27, 2018, Foistner was indicted in the District of New Hampshire for bankruptcy fraud, wire fraud, and money laundering. United States v. Foistner, 18-cr-98 (D.N.H. June 27, 2018). After a trial, Foistner was found guilty of four counts of bank fraud, one count of wire fraud, one count of money laundering, one court of false bankruptcy declaration, and two counts of false bankruptcy oath. He was sentenced to prison and ordered to pay restitution in the amount of $2,449,352.57. Id., Dkt. No. 195. The First Circuit Court of Appeals affirmed the judgment. United States v. Foistner, No. 22-1420, 2024 WL 3413644 (1st Cir. July 15, 2024).

On May 29, 2019, while the criminal charges were pending, the bankruptcy trustee commenced an adversary proceeding to recover money or property for the benefit of the estate against the Foistners, Jennifer Stanhope, Raymond Atkisson, DCMV Trust, and the Appellants. Ford v. Foistner, Bk. No. 19-01033-MAF (Bankr. D.N.H. May 29, 2019).[2] In October 2023, the trustee amended his complaint.[3] Id., Dkt. No. 289. The Foistners, in their individual capacities, and DCMV Trust filed an answer to the amended complaint on February 9, 2024. Id., Dkt. No. 389.

---

[2] The adversary proceeding consists of 557 docket entries, including overlapping or duplicative motions from the various defendants in that action. The court references only the filings relevant to this order.

[3] Unlike the original complaint, the amended complaint named as defendants "Laurie J. Foistner, as Trustee or agent of the JFL Nominee Trust . . ." and "Joseph A. Foistner, as Trustee of Red River Realty Trust . . ." rather than the trusts themselves. Id., Dkt. No. 289 at 1-2. This change has no bearing on the instant appeal.

2

The Appellants did not respond to the amended complaint.[4] The trustee moved for the entry of default under Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55(a), against each of the Appellants. Id., Dkt. Nos. 414, 415, 416, 417. On October 16, 2024, the bankruptcy court granted the motions and directed the clerk of the bankruptcy court to enter default against the Appellants (Default Order). Id., Dkt. No. 447. The Default Order further stated, "Notwithstanding Local Bankruptcy Rule 7055-1, no deadline or hearing will be set at this time for any motion for default judgment under Rule 55(b)." Id. The clerk entered default against each of the Appellants on that same day. Id., Dkt. Nos. 448, 449, 450, 451. In accordance with the Default Order, the trustee has not moved for default judgment against any of the Appellants.

Each of the Appellants filed individual notices of appeal of the Default Order. Id., Dkt. Nos. 454, 456, 458, 460, 462. The notices were identical except for the name of the Appellant, see id., and they initiated five separate cases in the District of New Hampshire.[5] On December 17, 2024, this court issued an order consolidating the five appeals into the instant case. Doc. no. 4.

---

[4] On December 4, 2023, the Foistners filed a document titled "Debtor's-Defendant's First Answer, Affirmative Defens [sic], Counterclaim and Impleader Claim of the Plaintiff's First Complaint, Not Dismissed by This Court." Id., Dkt. No. 334. That document was purportedly submitted by "all Defendants," id. at 1, though the signature lines of that document state that it was filed only by the Foistners in their individual capacity, Laurie on behalf of the DCMV Trust, and Foistner on behalf of "all Trusts other than DCMV Trust." Id. at 3-4. Even if that filing were intended to be on the Appellants' behalf, and even if the bankruptcy court had not issued an order preventing the Foistners from filing any document on the Appellants' behalf as discussed below, that document is a response to the original complaint, rather than the amended complaint.

[5] The JFL Nominee Trust filed two notices of appeal, which is the reason five cases were initiated for only four Appellants. Id., Dkt. Nos. 458 and 460. The JFL Nominee Trust appeal notices were identical except that Foistner signed one and Laurie signed the other.

3

Discussion

Ford moves to dismiss the consolidated appeals. He argues that the Default Order is interlocutory and cannot be appealed without leave of court. He further contends that the court should decline to exercise its discretion to treat the appeal notices as motions for leave to file an appeal or otherwise decline to hear the appeal. Finally, he argues that the court should dismiss the appeal because the Appellants failed to perfect their appeal.[6]

28 U.S.C. § 158 provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

The present appeal does not fit into any of the statute's categories that confer jurisdiction automatically.

"Entry of default is an interlocutory order—entered in anticipation of a final judgment— formally recognizing that a party 'has failed to plead or otherwise defend as provided by [the

---

[6] The court notes that the Appellants did not file an objection to Ford's motion to dismiss in this case. However, the Foistners and certain defendants in the adversary proceeding appealed another order issued in that case, which resulted in a separate appeal in this court. See Foistner et al. v. Ford, 24-cv-318-SE (D.N.H.). Ford also moved to dismiss that appeal and the Foistners filed in that case what appears to be an omnibus objection to Ford's motions to dismiss in that case and the instant matter. See id., Dkt. No. 13 (titled "Appellants ex-parte — pro se — motion — objecting to both motions to dismiss appeal . . . ."). Although such a filing is plainly improper, because the court grants Ford's motion to dismiss this case, the court considers the arguments in that objection to the extent that they are relevant here.

Federal Rules of Civil Procedure].'" United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) (quoting Fed. R. Civ. P. 55(a)); see 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.5 (3d ed. 2025) ("The distinction between entry of default and entry of judgment on the default is as important in determining the rules of appealability as it is in determining many other matters of default procedure. Rulings with respect to default made before entry of judgment are not final."). "In sharp contrast, a final default judgment cannot be entered until the measure of recovery has been ascertained, and, unlike the entry of default, a default judgment is a final disposition of the case." Phillips v. Weiner, 103 F.R.D. 177, 179 (D. Me. 1984); see $23,000 in U.S. Currency, 356 F.3d at 163 ("In contrast to the entry of default under Rule 55(a), a Rule 55(b) judgment by default is a final disposition of the case and an appealable order that has the same effect as a judgment rendered after a trial on the merits." (quotations omitted)). Here, the Default Order directs the clerk to enter default against the Appellants, which the clerk did. The trustee has not sought, and the clerk has not entered, default judgment. Therefore, the Default Order is not a final judgment, order, or decree under § 158(a)(1).

Nor is the Default Order an interlocutory order under 11 U.S.C. § 1121(d), which addresses who may file plans of reorganization during certain time periods in a bankruptcy case. In addition, there is no dispute that the Appellants failed to obtain the bankruptcy court's leave to appeal the Default Order.

The court's analysis does not end here, however. "Under § 158(a)(3), district courts have discretion to grant leave for an interlocutory appeal from a bankruptcy court decision and may exercise appellate jurisdiction over such appeals." In re Ruiz, 122 F.4th 1, 8 (1st Cir. 2024). "The statutes and rules do not establish standards for a district court's exercise of this discretionary

5

power. Most courts applying § 158(a)(3) have sensibly borrowed the standard in 28 U.S.C. § 1292(b) for interlocutory appeals from district courts to the courts of appeals." Id. (citation omitted). "Interlocutory appeals under § 1292(b) require an order (1) involving a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) for which an immediate appeal from the order may materially advance the ultimate termination of the litigation." Carabello-Seda v. Mun. of Hormiguero, 395 F.3d 7, 9 (1st Cir. 2005) (cleaned up).

Even if the court were to construe the Appellants' notices of appeal as requests for leave to appeal the Default Order, the court would deny the request under this standard. There is no dispute that the Appellants failed to respond to the amended complaint. They make no argument as to how the Default Order implicates any of § 1292(b)'s requirements, much less all of them. See In re Lebbos, No. CIVS08440FCDKJM, 2008 WL 11387029, at *1-2 (E.D. Cal. June 10, 2008) (construing appellants' notices of appeal as motions for leave to appeal bankruptcy court's entry of default and denying motions because the order did not meet any of § 1292(b)'s "requisite elements").

The court notes that the Appellants mention the collateral order doctrine in their objection to Ford's motion to dismiss. Foistner et al. v. Ford, 24-cv-318-SE, Dkt. No. 13 at 14-15. The collateral order doctrine may confer appellate jurisdiction over interlocutory appeals from a "small class" of bankruptcy court orders if certain conditions are met. See, e.g., In re Beard, 631 B.R. 364, 365 (D. Mass. 2021) (quoting In re Bank of New England Corp., 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998)). "Under federal law, for the collateral-order doctrine to apply, [the appealed] order must: (1) conclusively determine the disputed question, 2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on

6

appeal from a final judgment." Wadsworth v. Nguyen, No. 23-1400, 2024 WL 4766994, at *2 (1st Cir. Nov. 13, 2024) (quotations and alterations omitted).

The Appellants offer no argument as to how the collateral order doctrine applies to the Default Order. Therefore, the court need not address the issue and deems it waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Even if the Appellants had made such an argument, however, it would have been made in vain. It is readily apparent that the Default Order does not satisfy the requirements of the collateral order doctrine.

For these reasons, the court lacks jurisdiction to hear this appeal and declines to grant the Appellants leave for an interlocutory appeal. Although the court dismisses the appeal on these grounds, it briefly addresses Ford's additional arguments.

The bankruptcy court entered an order in the adversary proceeding stating that the Appellants "may not appear *pro se* and must be represented by an attorney admitted to the bar of the District Court for the District of New Hampshire . . . ." Ford v. Foistner, Bk. No. 19-01033-MAF, Dkt. No. 318 at 2. The order further stated that the Foistners cannot represent the Appellants in "any other filing or proceeding in this Court." Id. Yet either Foistner or Laurie signed each Appellant's notice of appeal, which required the "Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)." Id., Dkt. Nos. 454, 456, 458, 460, 462. Although the notice of appeal signature requirement is not jurisdictional and may be cured, Becker v. Montgomery, 532 U.S. 757, 765 (2001), the Appellants have made no effort to cure the defect despite being put on notice by Ford's motion to dismiss. Indeed, the Foistners signed the objection to Ford's motions to dismiss on the Appellants' behalf, further indicating their intent to attempt to continue to violate the local rules and the court's order by representing the Appellants in this matter. See Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written

7

motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); LR 83.6(c) ("A corporation, unincorporated association, or trust may not appear in any action or proceeding pro se, except that a trustee who is the sole beneficiary of a trust may represent the trust pro se."). Thus, even if the court did not grant the motion to dismiss for the reasons stated above, Ford would be entitled to dismissal based on the Appellants' failure to perfect their appeal. See, e.g., In re Lothian Oil Inc., 650 F.3d 539, 544-45 (5th Cir. 2011) (affirming district court's dismissal of bankruptcy appeal where appellants failed to sign notice of appeal and failed to correct the error despite notice).

## Conclusion

For the foregoing reasons, the Appellee's motion to dismiss (doc. no. 7) is granted. The clerk of court shall enter judgment and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

September 17, 2025

cc: Counsel of Record
    Laurie Foistner, pro se